**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30096 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00066-JDS-1 |
| v. | |
| JAMES MORRISON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Argued and Submitted April 10, 2012
Seattle, Washington

Before: D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges.

James Morrison appeals from his conviction in a bench trial for failing to

register between February and April 2010 as a sex offender in violation of the

Sexual Offender Registration and Notification Act ("SORNA"), 18 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

2250(a). Despite his assertions to the contrary, we conclude that there was sufficient evidence to support the district court's findings and affirm the conviction.[1]

We review the district court's denial of Morrison's motion for acquittal de novo. *United States v. Shipsey*, 363 F.3d 962, 971 n.8 (9th Cir. 2004); *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir. 2004). We examine "the ruling in the light most favorable to the Government and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson*, 357 F.3d at 983 (internal quotation marks and citation omitted). "There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Shipsey*, 363 F.3d at 971 n.8 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

Morrison admitted that he was aware of his obligation to update his registration under SORNA.[2] The district court's determination that he knew that he was required to notify the authorities when he left the Hardin shelter at the end of February was reasonably drawn from evidence that: (a) Morrison notified the Big Horn County Sheriff's Office when he moved to the Hardin shelter because of lack of power at his residence two miles east of Busby; (b) his stay at the shelter lasted weeks, not days; (3) Morrison left the shelter because his sister came for him; (4) the power was not restored at his residence two miles east of Busby; (5) Morrison represented that he notified the Sheriff's Office when he left the Hardin shelter, but there is no record of such a notification; and (6) Morrison's credibility was undermined by such evidence as his admission that he lied to the low-income housing energy assistance program and his letter to Morris concerning his

---

[2] At oral argument, Morrison's counsel for the first time asserted that under Mont. Code § 46-23-502(7)(b) a homeless shelter is not considered a residence. Because counsel's argument based on this statute was not raised in the district court, or in the briefs, it is considered waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). We note, however, that Morrison was convicted for failing to register under SORNA, a federal statute, and that the Montana Code has a separate provision requiring transients to register and may require the transient "to provide the locations where the transient stayed during the previous 30 days and may stay during the next 30 days." Mont. Code § 46-23-504(5).

testimony at Morrison's trial. Because the district court's findings are supported

by substantial evidence, Morrison's conviction is **AFFIRMED**.